**WO**  NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos H. Moya,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>　　　　　Defendant. | No. CV-13-01938-PHX-JJT<br><br>**ORDER** |

　　　　At issue is Plaintiff Carlos Moya's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 39), to which Defendant Carolyn Colvin has filed a Response (Doc. 41) and Plaintiff has filed a Reply (Doc. 44). For the reasons set forth below, the Court grants in part and denies in part the application.

　　　　Plaintiff brought a Complaint in this Court for judicial review of the Social Security Administration's determination to deny his claim for disability insurance and Supplemental Security Income benefits (Doc. 1). Defendant moved to remand the matter to the Appeals Council of SSA so that it could vacate the ALJ's prior decision and instruct the ALJ to conduct a *de novo* hearing to consider additional issues, specifically including "whether Plaintiff's condition as a whole medically equaled Listing 1.05(B), which addresses situations in which the amputation of one or both lower extremities is *per se* disabling." (Doc. 23 p. 2.) Over Plaintiff's objection, the Court remanded the matter for a *de novo* hearing and a new opinion from the ALJ. (Doc. 27.) Plaintiff appealed to the Ninth Circuit, asserting that this Court should have reversed and remanded to SSA with instruction to compute and immediately pay benefits, and seeking an order to this Court to do just that.

While the appeal to the Ninth Circuit was pending, the ALJ held a hearing at which he or she determined the evidence had shown Plaintiff's impairments met the severity requirements for a finding of disability. Plaintiff thereafter withdrew his appeal and SSA began paying benefits based on the ALJ's new finding. Plaintiff now seeks attorney's fees under EAJA for both his action for review of the ALJ's decision in this Court and for his appeal of this Court's decision to the Ninth Circuit.

Plaintiff is entitled to attorney's fees pursuant to EAJA only where the action taken is successful. Plaintiff's action before this Court was successful. His action resulted in a remand to the ALJ with instructions to consider Plaintiff's disability claim *de novo*; that resulted in a decision awarding disability benefits to Plaintiff. Plaintiff is entitled to his attorney's fees for all work done on that action, which includes all billing entries provided in Appendix B to Plaintiff's fee application through October 21, 2014, when Plaintiff conferenced with counsel regarding whether to appeal this Court's remand Order. The above-identified time includes 3.7 hours worked during 2013 at a rate of $187.02 per hour, and 36.7 hours worked in 2014 at a rate of $190.06 per hour, for a total of $7,667.17. The Court will also award the $400 Plaintiff seeks for filing fees, bringing the total award to $8,067.17.

Plaintiff's action before the Ninth Circuit was not successful. He withdrew his appeal before it was decided. Plaintiff argues in his Reply that he is entitled to fees for pursuing the appeal because the appeal "was not 'unsuccessful.'" (Reply at p. 2)(internal quotes in original). But of course, not being unsuccessful is not the standard. If that were the test, Plaintiff could have filed multiple appeals, regardless of merit, withdrawn them all before decision, and claimed all of the time spent on them under EAJA. The appeal must be successful to qualify for attorney's fees pursuant to EAJA.

To avoid this result, Plaintiff attempts to rely on *Nadarajah v. Holder*, 569 F.3d 906 (9th Cir 2009). That case is easily distinguished. In *Nadarajah*, the Plaintiff, unsatisfied with the district court's inaction on an issue, sought a writ of mandamus from the circuit court to compel a specific action by the district court. The district court then

took that desired action before the circuit court acted on mandamus. Nonetheless, the plaintiff in *Nadarajah* was "successful" because, as the Ninth Circuit found, the then-pending mandamus action before it arguably could have influenced the district court to do the thing the plaintiff sought in bringing the mandamus.

In this case, the object of Plaintiff's filing of the appeal in the Ninth Circuit was to force this Court to take a specific action—remand to SSA with an instruction to immediately compute and begin paying benefits. That is not what happened. This Court took no such action as a result of Plaintiff's filing of the appeal. In fact, this Court took no action at all. Its previous Order stood, and the matter was remanded to the SSA to conduct a hearing *de novo* to consider additional evidence. It was the ALJ hearing, proceeding in the manner contemplated in this Court's Order, that resulted in an award of disability benefits to Plaintiff, not Plaintiff's appeal or any threat that might come from it. Plaintiff's appeal thus was not "successful within the meaning of either EAJA or *Nadarajah*. He is not entitled to attorney's fees for time his counsel spent pursuing it, which includes all time logged after October 21, 2014.

**IT IS ORDERED** granting in part and denying in part Plaintiff's Application for Attorney's Fees (Doc. 39).

**IT IS FURTHER ORDERED** awarding $8,067.17 in attorney's fees and costs to Plaintiff pursuant to 28 U.S.C. § 2412 payable to Plaintiff and sent to:

> Eric G. Slepian
> Slepian Law Office
> 3737 N. 7th Street, Suite 106
> Phoenix, Arizona 85014

///
///
///
///
///

1 **IT IS FURTHER ORDERED** that Plaintiff's counsel, Mr. Slepian, shall refund to Plaintiff the lesser of fees awarded under the Equal Access to Justice Act and any fees awarded from past-due benefits under 42 U.S.C. § 406(b).

Dated this 26th day of April, 2016.

*[signature]*
Honorable John J. Tuchi
United States District Judge